Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
**RANDAZZA LEGAL GROUP, PLLC**
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Darin M. Klemchuk, *Pro Hac Vice Forthcoming*
darin.klemchuk@klemchuk.com
Mandi Phillips, *Pro Hac Vice Forthcoming*
mandi.phillips@klemchuk.com
**KLEMCHUK LLP**
8150 N Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone:  214-367-6000
Facsimile:  214-367-6001

*Attorneys for Plaintiff,*
*Luxottica Group S.p.A.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MINH D. TRAN, an individual,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**(1) Trademark Infringement – 15 U.S.C. § 1114;**<br>**(2) Unfair Competition – 15 U.S.C. § 1125(A)**<br>**(3) Dilution – 15 U.S.C. § 1125(c)**<br><br>**JURY DEMAND** |

Plaintiff Luxottica Group S.p.A. ("Luxottica") files this Original Complaint against Minh "Mike" D. Tran (referred to herein after as "Defendant" and/or "Tran") for trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114, unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), and dilution under 15 U.S.C. § 1125(c).

Plaintiff seeks: (1) actual, treble, and exemplary damages from Defendant as well as an accounting of profits; (2) alternatively, up to $2 million per counterfeit mark due to Defendants' willful counterfeiting; (3) an order that the infringing and counterfeit goods be surrendered for destruction; (4) a preliminary injunction, and after trial, a permanent injunction; and (5) Plaintiff's attorney's fees and costs of court.

## I. PARTIES

1.      Luxottica is an Italian corporation with its principal place of business in Milan, Italy.

2.      On information and belief, Minh Tran is an individual who resides at 9233 Snowflower Ave, Las Vegas, Nevada 89147 and can be served with process at his residential address.

3.      On information and belief, Defendant is directly engaging in the promotion and sale of counterfeit and infringing products within this Judicial District.

## II. JURISDICTION AND VENUE

4.      The Court has subject-matter jurisdiction over the Lanham Act claims in this action under 28 U.S.C. §§ 1331 & 1338.  The Court has supplemental jurisdiction over the Nevada state law claims in this action under 28 U.S.C. § 1367 because these claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claims and are so related to those claims as to be a part of the same case or controversy.  The Court has original jurisdiction over Plaintiff's unfair competition claims under 28 U.S.C. § 1338(b).

5.      The Court has personal jurisdiction over Defendant because Defendant's contacts with the State of Nevada and this District are so continuous and systematic as to render Defendant essentially at home in the State of Nevada and this District.  On information and belief, Tran is domiciled in the State of Nevada.  The Court also has personal jurisdiction over Defendant because the acts that are the subject of Plaintiff's claims, including trademark infringement, unfair competition, and dilution, were committed by Defendant in the State of Nevada in this District.

Defendant is doing business in this District and committing acts of infringement, unfair competition, dilution, and other wrongs in this District.

6.      Under 28 U.S.C. § 1391(b)(1), venue is proper in this District because Defendant resides in this District and is a resident of Nevada.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims of this action occurred in this District.

### III. FACTUAL ALLEGATIONS

**A.      The World Famous Luxottica Brands and Products**

7.      Luxottica is engaged in the manufacture, marketing, and sale of premium, luxury, and sports eyewear throughout the world.  Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli, and Arnette.

8.      Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America, and Sunglass Hut worldwide.

9.      Luxottica's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its internet websites, including www.ray-ban.com, throughout the United States, including Nevada.

10.      Luxottica has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products.

11.      Luxottica is the owner of the United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks") attached hereto as **Exhibit A**.

12.      Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks.  As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public,

and the trade as being high quality products sourced from Luxottica and have acquired strong secondary meaning.

13.     Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1]  These registrations are valid and subsisting, and the majority are incontestable.

14.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15.     The registration of the marks also provides constructive notice to Defendants of Luxottica's ownership and exclusive rights in the Ray-Ban Trademarks.

16.     The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17.     The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     Defendant's Infringing Conduct**

18.     On September 2, 2016, Luxottica's investigator met with Tran in the parking lot of a 99¢ Only store located at 4920 South Fort Apache Road, Vegas, Nevada 89148.  During that visit, Tran sold two sunglasses with Ray-Ban® markings, logos, and tags, represented to the investigator as being Aviator and Wayfarer styles of Ray-Ban® sunglasses.  The investigator paid $20.00 per pair, for a total of $40.00 cash.  Photographs of the counterfeit sunglasses are depicted in **Exhibit B**.

19.     Luxottica's investigator inspected the purchased sunglasses and confirmed that they were counterfeit based on the quality, multiple misspellings, as well as other indicators as taught and trained by Luxottica.

---

[1]     All registrations of the Ray-Ban Trademarks originally held in the name of Bausch and Lomb, Luxottica's predecessor, were assigned in full to Luxottica in 1999.

20.    On September 13, 2016, Luxottica's investigator met with Tran a second time and purchased fifteen pairs of counterfeit Ray-Ban sunglasses at $15.00 each for a total of $225. Photographs of the counterfeit sunglasses are depicted in **Exhibit C**.

21.    Defendant has no license, authority, or other permission from Plaintiff to use any of the Ray-Ban Trademarks in connection with the advertising, promotion, distribution, public display, sale, and/or offer for sale of the counterfeit items at issue.

22.    The foregoing acts of Defendant constitute direct trademark infringement in violation of federal law.

23.    The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause, confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Luxottica products offered for sale and sold by Defendant are authentic or authorized products of Plaintiff.

24.    The activities of Defendant, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Luxottica products and Plaintiff.

25.    Defendant is well aware of the extraordinary fame and strength of the Luxottica brand, the Ray-Ban Trademarks, and the incalculable goodwill associated with the brands and marks.

26.    Defendant's knowing and deliberate hijacking of Plaintiff's famous marks and sale of counterfeit products has caused, and continues to cause, substantial and irreparable harm to Plaintiff's goodwill and reputation.  In addition, the damages caused by Defendant are especially severe because the counterfeit products are inferior in quality to authentic Luxottica products.

27.    Moreover, Plaintiff has no ability to control the quality of the goods provided by Defendant in conjunction with the Ray-Ban Trademarks, and, therefore, is at risk of irreparable harm for which there is no remedy at law and which money damages cannot repair.

28.    By way of example, if customers of Defendant purchase inferior goods, they could mistakenly attribute those goods to Plaintiff due to Defendant's adoption of the same marks.  This

is heightened by Defendant's strategy to provide the same or similar goods to the same customer base. As established above, these actions are taken intentionally by Defendant as part of a scheme to trade on the goodwill built by Plaintiff through Plaintiff's investment of time, efforts, and advertising in the Ray-Ban Trademarks. Defendants are intentionally trading off the goodwill Plaintiff has built up in its marks over years of use and promotion.

29.     Plaintiff therefore seeks the entry of an injunction preventing the sale of counterfeit Luxottica products by Defendant. Plaintiff also seeks damages, including exemplary damages, statutory damages, and attorneys' fees, as a result of Defendant's knowing, deliberate and willful disregard of the activities infringing the Ray-Ban Trademarks.

### IV.  CLAIMS ASSERTED BY LUXOTTICA

#### FIRST CLAIM FOR RELIEF
**Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114**

30.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

31.     Defendant, without authorization from Luxottica, has used and is continuing to use in commerce spurious designations that are identical to, or substantially indistinguishable from, the Ray-Ban Trademarks.

32.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Luxottica products offered for sale and sold by Defendant are authentic or authorized products of Luxottica.

33.     Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Luxottica products and Luxottica.

34.     Defendant's acts constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, of the Ray-Ban Trademarks. As established by the registration of the marks, the marks are protectable and enforceable against Defendant,

Luxottica is the owner of the marks, and Luxottica is the senior user of the marks.  Moreover, Defendant's actions have caused a likelihood of confusion and damage to Luxottica.  In particular, through infringement of the Ray-Ban Trademarks, Defendant is harming Luxottica and diverting sales that would otherwise go to Luxottica.  Defendant's infringement of the Ray-Ban Trademarks is likely to cause confusion and mistake as to the source of Defendant's goods.

35.     In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be enjoined from using the Ray-Ban Trademarks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendant's goods, which are not genuine Luxottica products.

36.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Luxottica is entitled to recover from Defendant:  (i) Defendant's profits, (ii) the damages sustained by Luxottica, and (iii) the costs of this action.  Alternatively, Luxottica is entitled to statutory damages of up to $2 million per counterfeit mark per type of goods due to Defendant's willful counterfeiting. Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Luxottica seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Luxottica also seeks its reasonable attorney's fees.

### SECOND CLAIM FOR RELIEF
### Unfair Competition Under 15 U.S.C. § 1125(a)

37.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

38.     Defendant's acts committed in the course of interstate commerce constitute materially false and misleading misrepresentations of fact with respect to the origin of Defendant's goods, and the affiliation, sponsorship, and approval of Defendant's goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

39.     In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be enjoined from using the Ray-Ban Trademarks and any confusingly similar variation

thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendant's goods, which are not genuine Luxottica products.

40.    Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Luxottica is entitled to recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by Luxottica, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Luxottica seeks treble the amount of its damages.  Due to the exceptional nature of this case, Luxottica seeks its reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF
### Trademark Dilution Under 15 U.S.C. § 1125(c)

41.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

42.    The Ray-Ban Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

43.    The Ray-Ban Trademarks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44.    Defendant sold counterfeit Luxottica products that diluted by blurring and tarnishing the distinctive quality of the Ray-Ban Trademarks and decreased the public's capacity to identify and distinguish authentic Luxottica products.

45.    Defendant's acts committed in the course of interstate commerce constitute dilution by blurring and tarnishment in violation of Section 43(c) of the Lanham At, 15 U.S.C. § 1125(c). Luxottica has been damaged by Defendant's actions.  Defendant's acts have impaired the distinctiveness of the Ray-Ban Trademarks and, unless enjoined, will continue to harm the distinctiveness of these marks.

46.    Defendant's use of the Ray-Ban Trademarks is likely to blur the distinctiveness of the marks.  Additionally, Defendant's use of the Ray-Ban Trademarks is further likely to tarnish and therefore dilute the distinctiveness of the marks due to similarity of the marks.

47.     In accordance with Section 43 of the Lanham Act, 15 U.S.C. § 1125(c), Defendant should be enjoined from using the Ray-Ban Trademarks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendant's goods, which are not genuine Luxottica products.

48.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Luxottica is entitled to recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by Luxottica, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Luxottica seeks treble the amount of its damages.  Due to the exceptional nature of this case, Luxottica seeks its reasonable attorney's fees.

### V. APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

49.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

50.     On information and belief, Defendant, unless enjoined, will continue to use marks that are likely to cause confusion as to the source of its products, use marks that incorrectly suggest or are likely to cause confusion as to whether Defendant is affiliated with Plaintiff, and use marks that dilute the distinctiveness of the Ray-Ban Trademarks.   All of these acts violate the Lanham Act.

51.     These actions entitle Plaintiff to a preliminary injunction and, upon hearing, permanent injunction enjoining Defendant, his officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendant, from:

(i)     Representing that Defendant's goods are in any way sponsored by, approved by, affiliated with, associated with, or originated by Plaintiff;

(ii)     Using the Ray-Ban Trademarks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendant's goods, which are not genuine Luxottica products; and

(iii)     Otherwise competing unfairly with Plaintiff or injuring its business reputation in any manner.

52.     For these actions, there is no adequate remedy at law.   Further, Plaintiff is substantially likely to prevail on the merits of these claims.   The injury to Plaintiff greatly outweighs any injury to Defendant that the requested injunction may cause.   The balance of hardships tips strongly in favor of Plaintiff.   Finally, the injunction will not disserve the public interest.   Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant.

## VI. DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury against Defendant on all claims triangle by jury.

## VII. REQUEST FOR RELIEF

For these reasons, Plaintiff Luxottica Group S.p.A. respectfully requests the Court to:

1.     In accordance with 15 U.S.C. § 1116, issue a preliminary and permanent injunction enjoining Defendant, his officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant, from the acts described in Paragraph 50 of this Complaint;

2.     Order Defendant, his officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant, to provide an accounting of all sales, revenues, and profits related to Defendant's goods and services that infringe the Ray-Ban Trademarks and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Plaintiff;

3.     Award Plaintiff its actual, treble, and exemplary damages;

4.     As an alternative to actual damages under 15 U.S.C. § 1117(a), award Plaintiff up to $2 million in statutory damages per each counterfeit mark per type of goods under 15 U.S.C. § 1117(c)(2);

5.     In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the Ray-Ban Trademarks be surrendered for destruction;

6.     In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Plaintiff's favor and award Plaintiff its reasonable attorney's fees, costs, and expenses of this action;

7.     Award Plaintiff pre-judgment and post-judgment interest at the maximum allowable interest rate; and

8.     Grant Plaintiff such other relief, at law or in equity, to which it is justly entitled.

Dated this 8th day of November, 2016.          Respectfully submitted,

/s/ Ronald D. Green
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147

Darin M. Klemchuk, *Pro Hac Vice Forthcoming*
Mandi Phillips, *Pro Hac Vice Forthcoming*
KLEMCHUK LLP
8150 N Central Expressway, 10th Floor
Dallas, Texas 75206

*Attorneys for Plaintiff,*
*Luxottica Group S.p.A.*